# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE MENDOZA,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS, et al.,<br><br>        Defendants. | Case No. 1:19-cv-01713-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY THE PROCEEDINGS<br><br>(ECF No. 11) |

      Jorge Mendoza ("Plaintiff"), a state prisoner, is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

      Currently before the Court is Plaintiff's motion to stay the proceedings, filed January 15, 2020.

      The United States Supreme Court has indicated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. Landis v. North American Co., 299 U.S. 248, 254-55 (1936). "[T]he proponent of the stay bears the burden of establishing its needs." Clinton v. Jones, 520 U.S. 681, 706 (1997).

Plaintiff seeks to stay this case to file a case in state court or administrative process to invalidate his rules violation report. Since invalidation of the rules violation report is necessary in order for Plaintiff to proceed with a claim by way of section 1983, the Court finds a stay inappropriate. As stated in the Court's December 17, 2019 screening order, Plaintiff's challenge to the rules violation report "lies at the core of habeas and Plaintiff cannot bring a due process claim under section 1983 based on the rule violation until the guilty finding has been invalidated." (ECF No. 8 at 7:19-19) (citation omitted). Because Plaintiff must seek and have the rules violation invalidated, the Court finds a stay of the action not warranted, as he may file another civil rights complaint if and when the rules violation is invalidated. Accordingly, Plaintiff's request for a stay shall be denied. In the interest of justice, the Court will grant Plaintiff thirty day to either file an amended complaint if he believes he can do so in good faith or a request to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41 if he so desires.[1]

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to stay the proceedings is DENIED;

2. Plaintiff is granted thirty (30) days from the date of service of this order to either: (1) file an amended complaint or (2) notice of voluntary dismissal; and

3. The failure to comply with this order will result in a recommendation to dismiss this action for failure to state a cognizable claim for relief, failure to comply with a court order and failure to prosecute.

IT IS SO ORDERED.

Dated: **January 17, 2020**

UNITED STATES MAGISTRATE JUDGE

---

[1] Voluntary dismissal under Rule 41(a)(1)(A) grants Plaintiff an absolute right to dismiss without prejudice, requires not action on the part of the court, and divests the Court of jurisdiction upon the filing of the notice of voluntary dismissal. See United States v. 475 Martin Lane, 545 F.3d 1134, 1145 (9th Cir. 2008).

2